UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI MARIE COLE, | 1:11-CV-00800 GSA HC |
| Petitioner, | ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO |
| v. | 28 U.S.C. § 2244(b) |
| ON HABEAS CORPUS, | ORDER DIRECTING CLERK OF COURT TO CLOSE CASE |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

In the petition filed on May 17, 2011, Petitioner challenges her second degree murder conviction sustained in 2002 in the Fresno County Superior Court before Hon. Robert H. Oliver. A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this conviction in Cole v. Gonzalez, case no. 1:06-cv-00222 LJO TAG HC. In Cole v. Gonzalez, the Court dismissed the petition for failure to prosecute.

**DISCUSSION**

A dismissal for failure to prosecute is treated as a judgment on the merits. Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995); Reyes v. United States, 1999 WL 1021815 *3 (E.D.N.Y.1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed.R.Civ.P.

1  41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or
2  successive).  If a previous petition is deemed to have been decided on the merits, then a subsequent
3  petition raising the same claims or challenging the same conviction is treated as a successive petition
4  pursuant to 28 U.S.C. § 2244(b).  A federal court must dismiss a second or successive petition that
5  raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a
6  second or successive petition raising a new ground unless the petitioner can show that 1) the claim
7  rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously
8  discoverable through due diligence, and these new facts establish by clear and convincing evidence
9  that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of
10 the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that
11 decides whether a second or successive petition meets these requirements, which allow a petitioner
12 to file a second or successive petition.

13       Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this
14 section is filed in the district court, the applicant shall move in the appropriate court of appeals for an
15 order authorizing the district court to consider the application." In other words, Petitioner must
16 obtain leave from the Ninth Circuit before she can file a second or successive petition in district
17 court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or
18 successive petition unless the Court of Appeals has given Petitioner leave to file the petition because
19 a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United
20 States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997),
21 *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

22       Because the current petition was filed after April 24, 1996, the provisions of the
23 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current
24 petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that she has
25 obtained prior leave from the Ninth Circuit to file her successive petition attacking the conviction.
26 That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief
27 from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at
28 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of

1  habeas corpus, she must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

2  <u>Certificate of Appealability</u>

3       A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
4  district court's denial of her petition, and an appeal is only allowed in certain circumstances.  <u>Miller-</u>
5  <u>El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue
6  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>    (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>          (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>          (B) the final order in a proceeding under section 2255.
>
>       (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>       (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

19       If a court denies a petitioner's petition, the court may only issue a certificate of appealability
20  "if jurists of reason could disagree with the district court's resolution of [her] constitutional claims or
21  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed
22  further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the
23  petitioner is not required to prove the merits of her case, she must demonstrate "something more than
24  the absence of frivolity or the existence of mere good faith on [her] . . . part." <u>Miller-El</u>, 537 U.S. at
25  338.

26       In the present case, the Court finds that reasonable jurists would not find the Court's
27  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or
28  deserving of encouragement to proceed further.  Petitioner has not made the required substantial

showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED as successive;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

**Dated:**   **June 3, 2011**                    /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE